```
 1  DEK KETCHUM, State Bar #48109
    LAW OFFICES OF DEK KETCHUM
 2  900 Veterans Boulevard, Suite 600
    Redwood City, California 94063
 3  Telephone: 650-368-2588

 4  Attorney for Emily Chen, Henry Nguy, Albert Wang
    and Joseph O. Nguyen
 5
 6
 7
 8                    UNITED STATES BANKRUPTCY COURT
 9                    NORTHERN DISTRICT OF CALIFORNIA
10                           SAN JOSE DIVISION

11  In re:                            Case No.  09-61196 ASW

12  SANTA CLARA SQUARE, LLC,          Chapter 11

13             Debtor.                [NO HEARING REQUIRED]

14  ─────────────────────────────
    EAST WEST BANK, a California     Adv. Pro. No.
15  Corporation,

16             Plaintiff,

17  vs.

18  EMILY CHEN, an individual, HENRY
    NGUY, an individual, ALBERT WANG, an
19  individual, JOSEPH O. NGUYEN, and
    individual, and DOES 1 through 10, inclusive,
20
               Defendants.
21
    ─────────────────────────────
22
           NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT
23                TO BANKRUPTCY COURT (28 U.S.C. §1452)

24  TO: EAST WEST BANK

25       PLEASE TAKE NOTICE that defendant Emily Chen, the designated representative of the

26
```

above entitled Debtor duly appointed as such by order of the above entitled Court entered herein on January 8, 2010, and defendants Henry Nguy, Albert Wang, and Joseph O. Nguyen, members or representatives of members of the Debtor, hereby remove the lawsuit entitled "East West Bank v. Emily Chen, an individual, Hung Nguy, and individual, Albert Wang, an individual, Joseph O. Nguyen, an individual, and DOES 1-10," pending as Case No. CGC-10-498085 in the Superior Court in and for the County of San Francisco, State of California, (the "Action") to the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court") pursuant to 28 U.S.C. § 1334 and § 1452(a) and Federal Rules of Bankruptcy Procedure, Rule 9027(a).

## I. SUMMARY OF THE ACTION AND THE BANKRUPTCY CASE

The Action constitutes a proceeding to attempt to enforce purported guarantees by the defendants in the Action, each and all of whom hereby remove the Action to the Bankruptcy Court, made with respect to a claim by East West Bank against the Debtor herein.

The Debtor made its promissory note in favor of United Commercial Bank, the predecessor in interest of East West Bank, which note was extended from time to time thereafter.

The promissory note is secured by a Deed of Trust encumbering Debtor's commercial property consisting of approximately 12.6 acres with commercial buildings occupied by Kohl's Department Stores, by YUM! Brands (Taco Bell), and by Bharat Bazaar.

Debtor and East West Bank dispute the value of the collateral. Debtor contends that the value of the property exceeds any amount due to the Bank, and the Bank contends that the value is less than the indebtedness.

Pursuant to proceedings in the Bankruptcy Court, the Debtor has commenced adequate protection payments in the sum of $51,854.00 which are intended to protect any interest of the Bank in the collateral.

The amount of the claim of East West Bank is disputed. The Debtor contends that East West Bank, and its predecessor, interfered with sales of the Property and failed to forebear enforcement

action to allow consummation of sales as represented. The Bank denies those allegations.

The Debtor has timely filed its Chapter 11 Plan which provides for payment of the Bank's claim, subject to the determination of such offsets as may be appropriate as a result of Debtor's claims.

The Debtor is in the process of amending its Chapter 11 Plan to provide further specificity as to a funding arrangement with Essex Trust which will provide certain funds for payment to East West Bank.

The Chapter 11 Plan shall further provide for an abatement against prosecution of the Action pending performance of the Chapter 11 Plan pursuant to which the claim of East West Bank will be paid without resort to claims against the guarantors who remove this Action to the Bankruptcy Court for determination of all issues related to the claim of East West Bank, and payment of such amount as may be determined to be due.

The only pleading filed in the Action is the following:

| Affirmative Pleading | Parties | Cause of Action | Documents |
|---|---|---|---|
| Action filed by East West Bank. | Plaintiff: East West Bank<br>Defendants: Emily Chen, Hung Nguy, Albert Wang, and Joseph O. Nguyen | Breach of Guarantees | Complaint |

The Action is not a proceeding before the United States Tax Court, and is not a civil action by a governmental unit to enforce its police or regulatory power.

## II. BASIS FOR REMOVAL

The Bankruptcy Court has jurisdiction over the Action pursuant to 28 U.S.C. §1334(b).

The Action is a core proceeding with the meaning of 28 U.S.C. §§157(b)(2)(A), (B), (C), (K), (L), and (O), and 1334.

Removal of the Action is proper pursuant to 28 U.S.C. §1452(a) and Federal Rules of Bankruptcy Procedure, Rule 27(a).

Venue for the Action is proper in this Court under 28 U.S.C. §1452(a) because this Bankruptcy Court is the Bankruptcy Court located in the District where the nonbankruptcy court where the Action was formerly pending is located - San Francisco County Superior Court.

Removal will serve the interests of equity and judicial efficiency in that the determination of the amount of the underlying debt, the value of the collateral, the manner of payment of the underlying claim, the protection to be provided to the plaintiff pursuant to the Chapter 11 Plan and such other orders as may be made by the Bankruptcy Court, and the abatement of further prosecution of the Action, must occur in the Bankruptcy Court. In particular, the Action against the guarantors is specifically predication upon the liability of the Debtor which is a matter within the exclusive jurisdiction of the Bankruptcy Court (11 USC § 502). Also, the treatment of the claim under a Chapter 11 Plan must occur in the Bankruptcy Court within the parameters of the Bankruptcy Code (11 USC §§ 1129, 1141).

Attached hereto as Exhibit 1 is a true and correct copy of the pleading filed in the Action.

Dated: April 23, 2010

LAW OFFICES OF DEK KETCHUM

By /s/ Dek Ketchum
Dek Ketchum

NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT
TO BANKRUPTCY COURT (28 U.S.C. §1452)

4

Case: 09-61196    Doc# 1    Filed: 04/23/10    Entered: 04/23/10 13:21:31    Page 4 of 4